The court now calls 1-1-5-6-3-5 and 1-1-5-6-4-5. People ex rel. Lisa Madigan v. John Burge. The Retirement Board of the Police Visitivity and Benefit Fund of Chicago is appellant. Those cases are ordered consolidated. This is Agenda Number 9. Are you ready to proceed? Yes, Your Honor. Please do so. May it please the Court. My name is Michael Marano, and I represent John Burge. Your Honor, Section Excuse me, counsel. The clerk, the light is still on. Oh. Proceed. Sorry for the interruption. No problem. Thank you. Section 1-115B of the Illinois Pension Code authorizes the Attorney General or any other participant, beneficiary, or fiduciary to file an action in the circuit court to enjoin an act or practice that violates some provision of the code. In this case, the Attorney General is attempting to use this private right of action to collaterally attack and reverse a decision made by the Police Pension Board, a decision that was within its exclusive original jurisdiction, and a decision which was subject only to judicial review under the Administrative Review Law. Section 1-115 has never been used in the manner the Attorney General is attempting to use it in this case, and, in fact, no reviewing court has previously considered the applicability of Section 1-115 in any circumstance. The two issues that the court is being asked to decide is whether the circuit court and the Police Pension Board have concurrent jurisdiction to resolve any issue in this case, and, if so, whether the Attorney General's complaint brought pursuant to Section 1-115B properly invoked the circuit court's concurrent jurisdiction. This case arises under Article V of the Pension Code, which governs police pensions in cities with populations of exceeding 500,000. In deciding the issues in this case and the legislative intent, there's two provisions in Article V that I think the court should consider. The first is Section 5-178 and 5-179, which provide for the creation of an eight-member board of trustees which is charged with the responsibility to administer the pension fund for the benefit of police officers. That eight-member board is comprised of four members appointed by the mayor and four members who are elected by police officers. So, in this circumstance, unlike other provisions or other sections or articles in the Code, you have a board that has equal representation by labor and management, and that board is designed to ensure that there's adequate consideration given to the competing interests that arise in the administration of this particular pension fund. Section 1, the other provision of the Code that is obviously relevant here, is Section 5-189. And in 5-189, the General Assembly explicitly granted to this board, this representative board, original exclusive jurisdiction to determine all issues pertaining to the payment, the increase, the reduction, the suspension or termination of a police officer's benefits. So, consistent with this framework, police officers have the right to expect that the board and their elected representatives are going to be making the decisions that affect their pensions. In addition, because the Code expressly limits review of the board's decision to proceedings under the Administrative Review Law, these police officers have the right to expect that those board decisions are not going to be subject to collateral attack by the Attorney General or anyone else in the circuit court. There is nothing in the language of Section 1-115, the legislative history of that section, or any prior application of that section that suggests that the General Assembly intended to work a radical departure from the statutory framework of Article 5 for the purposes of making decisions for the benefit of police officers. Mr. Mariano, though, isn't it true that 1-115B was meant to address situations where a pension board is acting ultra-virus? I would think so, Your Honor. Any time the board acts... So the legislature did provide an opportunity for a challenge. If the conduct violates a provision of the Code, they're acting outside the provisions of the Code. The board is established, and then the board is told how you are to exercise your exclusive jurisdiction. For example, the board has to have a quorum. There's a provision that requires a quorum. The board has to give notice. The board has to give the pensioner an opportunity to be heard. If the board acts outside the rules that are provided... Is that what the Attorney General is alleging? No. The Attorney General is not alleging that at all. The Attorney General is alleging that the board's decision, although he frames it, she frames it in a different manner. The Attorney General is saying that the board's decision, as implemented, violates the pension code. And that argument, Your Honor, I'll address in a moment, but that's the argument that we say makes no sense. But in this case, what the Attorney General is alleging and what the appellate court found was that the Section 115 provides a basis for the circuit court to exercise concurrent jurisdiction with respect to issues in this case. In every case where this court has found the existence of concurrent jurisdiction, that is the ability of an administrative agency and a circuit court to decide an issue, the issue that either the agency or the court is to decide has been exactly the same. For example, in the Midland Railroad case, the common question was whether the plaintiff in that case was entitled to a tax refund. The question was, could the board decide that? Could the circuit court decide that? Or could they both decide that? Single question. And in all industries, the issue was, did the pollution control board or could the circuit court award damages for recovery of cleanup costs? That that was the single issue that either could decide. Skilling was the same thing. There it was a question of coverage of a workers' compensation insurance policy. And crossroads, the issue was whether a truck dealership had been wrongfully terminated. These claims in each of these cases was identical, whether the claim was going to be decided by the circuit court or whether it was going to be decided by the administrative agency. In this case, there is no concurrent jurisdiction for the simple reason that there is no common question that both the board and the circuit court can decide. The appellate court said that the board and the circuit court have concurrent jurisdiction in this matter, but what is unclear is exactly what they have concurrent jurisdiction to decide. The appellate court simply said that the board and the circuit court had jurisdiction to hear disputed pension issues in this case, but it didn't say what those disputed pension issues were. In fact, what the board did was it went beyond the attorney general's complaint and found a pension issue, what it said was a violation of the code, because the board in this case did not allow the payments to continue on the basis of a 4-4 vote. This issue of the 4-4 vote was never raised by the attorney general, either in its complaint in the trial court and was only briefly mentioned on appeal. And it was not the issue that the attorney general asserts in this case that the pension board and the circuit court have concurrent jurisdiction to decide. In its brief in this Court, if you look at it carefully, the attorney general repeatedly asserts that the board, that the circuit court has concurrent jurisdiction over claims to enjoin violations of the code, which the attorney general says that the board also has jurisdiction to adjudicate these same questions. But again, what is the question that the board can decide and the court can decide? What is this same question or same subject matter? Section 115 creates a private cause of action in favor of the attorney general, but the action is limited to, in this case, enjoining violations of the pension code. The question to be decided by the circuit court when that type of case is brought up is, was there a violation of the code and should an injunction issue? Counsel, isn't that what the attorney general is trying to do? I mean, they brought a suit. Reading their briefs, they say, hey, we're bringing this under 115. Yes. Subsection B. Yes, but the question is the attorney general believes there's a violation of the pension code. Okay. The question is, what is that violation that they're alleging? On these jurisdiction issues, you're saying, you know, concurrent jurisdiction, et cetera, exclusive jurisdiction. Right. But do they not have a right? I guess you did say they have a right, but you don't believe it applies here. No. I'm trying to understand why it does not apply here. The appellate court and the attorney general argues that there's concurrent jurisdiction to decide an issue here. The issue here is not clear what they both have to decide. The board, in this case, has no authority to determine whether a violation has occurred. The board has no authority to issue an injunction. The board can't do anything that a Serpi court could do in a section 115 case. However, you do have the board does have authority to decide whether the pension benefits should be discontinued. Correct. Correct. But that's not. Section 115 doesn't provide that the Serpi court has jurisdiction to decide whether the pension benefits. But isn't that what was decided here, that the board decided whether the benefits should be discontinued or not? Yes. And there was no majority. Correct. Four to four. Correct. The board acted clearly within the scope of its authority to make the decision whether to terminate the pension benefits. And under the attorney general's complaint here, what was it that they said was wrong? That's a good question. They never say it. They never say what happened, what was wrong in this case that would allow the Serpi court to exercise jurisdiction. What the appellate court did, because they had the same question that Your Honor has, the appellate court says, well, we'll find a violation. We say the tie vote, the 4-4 vote, actually violates section 189 of the, or 5-189 of the code. So they came up with a violation because they recognized that the attorney general's complaint isn't really alleging a violation of anything. However, with eight members, you could always have, or every time there's a vote, you could have 4-4. Absolutely. Absolutely. But the legislature obviously understood that when they created an eight-member board with, you know, four sides, labor and management, having equal representation. Apparently, I'm not sure, but apparently 4-4 votes do occur, and in which case, as it's typical, whatever action they're taking doesn't carry. But that's a risk you take when you create a 4-4 or an eight-member board with equal representation. Counsel, I see your light's on, but quickly before you leave, are we missing anything here? There was no, once the motion to terminate failed, right, no one sought administrative review. Is there any rest of the story to that? No. No, Your Honor. Was it just a week between that and when the AG filed their complaint? Correct. Correct. Nobody sought administrative review. AG never sought to intervene in the underlying case. Okay. Thank you. Thank you. Good morning. David Kugler. I'm here on behalf of the Retirement Board. Initially, let me say, let me say that Mr. Burge, I don't represent Mr. Burge. He's represented by counsel who has already given some of the arguments in this case. I believe the issue is very clear and very short. The issue in this case is, insofar as the Board is concerned, is whether the Attorney General, under section 1115 of the Pension Act, has a right to initiate a civil procedure to challenge a discretionary decision of an administrative agency. Now, I have never questioned whether or not the Attorney General can bring such an action. They are authorized under 115 to do so. The question is, does it apply to this type of a situation? The Board is controlled by the Administrative Review Act. The Administrative Review Act, which has never been changed, to my knowledge, has a provision in it which says that the Administrative Review Law shall apply and govern all actions to review judicially a final decision of an administrative agency. And the key language is, in all such cases, any other statutory, 115, equitable, or common law mode of review of decisions of administrative agencies heretofore available shall not be employed. Now, as a backdrop to this case, we have to see what happened here. Burge was granted a retirement benefit some 15 years prior to his conviction, felony  He already had that benefit. Now, to take that benefit away from him, due process required that the Board have an evidentiary, open hearing, at which time it would hear whether or not there was a nexus between the crime committed and his police service. If there was a nexus, then he would lose his benefits. They would be terminated. If there was no nexus between it, then the benefits would continue. In this case, four trustees found that there was a nexus, voted to deny. Four trustees found there was none. So, in this case, the Board had the burden to prove that Burge was no longer entitled to his benefit. Had Burge come before the Board initially, anybody making an application, whether it be felony, disability, or what, any applicant has the burden to prove his case. But once he gets and he proves his case, and you later want to take away that benefit, I believe the burden then falls upon the Board to prove that he's no longer entitled to it. As a matter of policy question, or maybe actuality, if the Board makes an erroneous interpretation of State law that favors the annuitant, is there any mechanism to challenge that? I mean, the annuitant's not going to take an administration. No. Well, obviously, anybody who wins isn't going to appeal the case. Right, right. So, but the ñ Neither is the Board, because they made the mistake. They made the mistake. But that's why I believe 115 comes into play. 115 comes into play because the legislature then decided, well, if the Board acts beyond the scope of the authorities granted to it in the Act, for example, if you look at 227 of the Act, there is a second paragraph in there that says, an officer on disability who gets convicted of any felony loses his benefits. Now, there is no discretion on the Board's part on that case. If the officer is convicted of a felony while on disability, his benefits are lost. If the Board were to grant him that benefit, ignore the plain language of the statute. Or if the Board were to invest in real estate out of the country when the powers given to it say you can't invest in real estate out of the country, then 115 would come into play, because then they're doing something beyond the scope of their authority, and it's a void Act. A void Act can be challenged any place at any time. But not a mistaken. That's what's happened here. Now, that this case, that the Birch case, results in an unfavorable and unpopular result is clear. The Attorney General doesn't like it. Newspapers don't like it. The public doesn't like it. Four members of the Board didn't like it. But being an unpopular decision doesn't mean that the Board's action was wrong. So it would have to be some kind of, just as Burke referenced earlier, it would have to be some kind of an ultra-virus Act. Something beyond the scope of the authority given to it by the legislature. The Board is a creature of the legislature. All of the provisions from 184 to 195 of the Act outline what the Board's duties and responsibilities are. If they go beyond that, they may be committing a void Act. Any questions? Thank you. Mr. Huzzack? May it please the Court, I'm Assistant Attorney General Richard Huzzack. Counsel for the Attorney General. And I urge this Court to affirm the Appellate Court's ruling that the Circuit Court had subject matter jurisdiction to adjudicate the merits of the Attorney General's claim brought pursuant to Section 1-115 of the Pension Code. That claim alleged that the payment of pension benefits to Defendant John Birch violates Section 5-227 of the Pension Code and should be enjoined because his felony convictions for perjury and obstruction of justice for lying about what he did as a police officer under oath are convictions relating to his service as a policeman, which is the operative language of Section 5-227. Mr. Huzzack, I'd hate to stop you. Well, not really. I'm here to answer your questions, Your Honor. I want to be honest with you. The wording of 115, and that's really what this is going to hinge on, isn't it? Obtain appropriate relief under Section 1-114 of this Code, B says, enjoin any act or practice which violates any provision of the Code. The rub is what is the act or practice, right? I think opposing counsel would have us think that what you're really here doing is you don't like the decision on the failure of the motion to terminate. Well, that's absolutely correct. We don't like the decision. But it's incorrect for them to constantly characterize our complaint as one that seeks review of that decision. And I think that's what has to be the focus here, because if, indeed, that is the case, if it's only a question of, hey, we don't like the decision, then, I mean, the Attorney General's office or an individual could do this at any time when they didn't like a board decision. That's the parade of horribles that they raise the specter of and conjure up. But what I would suggest is that Section 1-115 has been mentioned in appellate court decisions in the past, that it's based verbatim on a provision of the ERISA statute. They mentioned it. They agree that it's there. They just say it doesn't apply here. Well, let me focus on that question, then, because I think the critical distinction is the difference between appellate jurisdiction, which for administrative agencies is typically administrative review jurisdiction, and original jurisdiction. And we are asserting that the authority given to the circuit courts under Section 1-115 gives them original jurisdiction to decide the ultimate substantive merits of the claim, which is does some act or practice violate the pension code. That jurisdiction exists independent of the existence of any concurrent jurisdiction in front of, given to an administrative agency. It doesn't seek to review any such decision. It operates even if that agency never reached such a decision. It asks the court on a clean slate to decide the merits of the substantive claim. And why do we have pension boards and other boards that have jurisdiction on matters? If the circuit court can hear everything, why doesn't everybody just go into the circuit court? A claimant, and this is also true under ERISA, a claimant seeking benefits cannot seek injunctive relief under Section 1-115. That's essentially the equivalent of a remedy at law. And you don't get injunctive relief when you have a remedy at law. All the ERISA cases say that this catch-all broad provision as a fail-safe check against an errant plan administrator, or in this case, an errant board that's violating the provisions of ERISA or the plan, an injunction is to address that violation. What is the violation the board violated? The board's violation, and our complaint is very clear on this, is not a decision that's allegedly ultra viris. The violation that the Attorney General's complaint alleges in this case is the payment of benefits to Mr. Burge that are prohibited by Section 5-227 of the pension code. But those benefits were paid 15 years before, so the board isn't granting benefits this time? Well, the violation could only exist once there's a qualifying conviction, which is a felony conviction related to a person's service as a policeman. Once that conviction does arise, the question comes up. 5-227 said, no more payments are allowed. The language is clear. It says, none of the benefits provided for in this article shall be paid to any person. The violation is the payments. And in essence, the attempt to try and characterize this complaint is one for the board. It's a misdirection. It's a misdirection that is intended to shift the focus away from exactly what 1-115 does. But does the pension board have the authority to decide whether the benefits should be continued, because that's what this is about, or does the trial court have that? They both have that authority. There is no doubt that the board had the authority to determine whether Section 5-227 would be violated by paying benefits to Burge. It addressed that issue in its original jurisdiction. That original jurisdiction is concurrent with the separate and independent original jurisdiction of the circuit courts granted by Section 1-115 to address the very same matter. So the Attorney General now is saying that they violated the code by continuing the benefits. Yes. And that's ultra-virus. We're not saying that it's ultra-virus or not. We're saying it's a violation of the pension code, which is exactly the subject matter that Section 1-115 gives circuit courts' original jurisdiction to adjudicate. The merits of the claim doesn't – isn't dispositive of the circuit court's subject matter jurisdiction. But the Attorney General had authority to intervene in the case in front of the pension board, didn't they? Conceivably, the Attorney General could have, but the statute creates a separate vehicle for going before the circuit courts to exercise their concurrent original jurisdiction. Remember, there are thousands of these pension board decisions that are entered every year in this state. And has the Attorney General filed a complaint in others? Or is this the first? This is the first one, and we think this is an important case for the court to The Department of Insurance is issuing reports now every day about violations of the pension code where people get spikes in their pension fund by a one-day 50 percent increase in their salary that they treat as a 50 percent increase in their annual salary that increases their pension by 50 percent. So the Attorney General could have filed an original action apart from any action taken by the pension board. Exactly right. Why doesn't this come across as kind of waiting to see what they do, and if you don't like it? But that's inherent in concurrent jurisdiction. Normally if the board acts as we consider consistent with the pension code, then there's no need to exercise concurrent original jurisdiction and bring an original action in the circuit court. Isn't that trying to get two bites at the same apple? No, we never got a bite in front of the board on the first apple. But there's no duty to intervene. The Attorney General can't now hire hundreds of people to surveil all the pension board proceedings throughout the state and be on a hair trigger to try and get the record, review them, and intervene if there's some runaway board that makes a decision authorizing the payment of public funds in violation of the pension code. And I think due process is clear that we cannot be bound by a decision in which we were not a party even if we had the right to intervene but did not do so. So it really means that the Attorney General acts as an appellate court to overrule the decision of the board. No, that's, I think, not a fair characterization. The Attorney General has the right to bring a suit, and it is the judge in that case that decides in the first instance on a clean slate whether there's been a violation of the pension code. We simply have standing to be a plaintiff to seek the adjudication of that substantive issue on our merits. So that's a special article, Mr. Hussock. You're saying that you have a right under 115 to use 227 because there was a violation from the board with not strictly complying with 227? By continuing to make payments. Right. We're not focusing on their decision. That's not an element of our claim. If they'd never acted, our claim would exist within the circuit court's jurisdiction. The fact that they did or did not decide the case makes no difference. We could have brought this suit the day after his felony convictions. Well, let me ask you this. You mentioned these words earlier, parade of horribles. Why is there not? Obviously, you've been up here enough to understand what we do here doesn't only affect John Birch, right? Absolutely, Your Honor. The decision that's going to be made here will affect other pensioners. There's no doubt about it. To the extent you have runaway boards that grant payments in violation of the pension code, this is the necessary fail-safe check that gives circuit courts the power to stop those violations where the non-adversarial process of these things and the public interest in public funds being spent justifies the separate creation of independent original jurisdiction in circuit courts to address those matters. Well, if this Court believes that this was only brought as a reaction to the failure of the motion to terminate, why isn't there a parade of horribles that would? That's sheer speculation, Your Honor. There was a history under ERISA for six years before this statute was passed. This statute has been on the books. It's been referred to the appellate courts on multiple occasions for 30-some years. The suggestion that there's a parade of horribles that's going to happen seems to be the type of surmise that can't change the plain meaning of the statute. And if there's a problem based upon the interpretation of the statute according to its plain terms, the legislature can fix it. Let me give an example here because I do want to illustrate, and I want to make this very clear, the difference between concurrent original jurisdiction and appellate jurisdiction in the administrative context. One of the cases that we cited in this case is the NL Industries case. It's one of the leading cases on concurrent jurisdiction where you have an agency. And that court, in describing prior decisions of this court, points out that although there is a private citizen right to bring a proceeding to enjoin a violation of the Environmental Protection Act before the Pollution Control Board, any private citizen can file a complaint in front of the Pollution Control Board, issue a cease and desist order, and grant other relief. And if the Pollution Control Board does not do so, or whatever it does, that private citizen has the right to seek administrative review. But separate and apart from that, the legislature expressly created a power in the Attorney General to bring an independent civil action in the circuit court to enjoin a violation of the Environmental Protection Act. And so the fact that there may be an administrative tribunal proceeding that's available for people who can pursue that does not foreclose. And the legislature made it very clear that it does not foreclose. And this court said the same thing, does not foreclose an independent original action by the Attorney General seeking to adjudicate the ultimate substantive question. There, is there a violation of the Environmental Protection Act or the permits or rules promulgated pursuant to it? Here, is there a violation of the pension code? May I ask you a question here? Two separate proceedings. If we were to agree with you that the AG can bring this action. The AG filed a two-count complaint. Basically, the provision that we're talking about, count one, under the pension code, asking to enjoin the payments out of taxpayer monies because Burge, who had been convicted of multiple felonies relating to, arising out of, and in connection with his service with the Chicago Police Department. Correct. Now, what would this case look like? What would this trial look like? Are you asking the circuit court to decide whether or not these felonies were arising out of in connection with his service at the Chicago Police Department? Is that the issue that you will be bringing to the court? That is the issue, Your Honor. So you relitigate exactly the same issue that was brought before the board. Are we clear on that? I don't want to say relitigate in the sense that we're, you know, we litigated it once before. We didn't, but it would be a separate and independent litigation of that same subject matter, which is. Not the 4-4 split. That's not your issue. No, no, Your Honor. Not any procedural things. It literally, the issue is you disagree with the board's decision that, or lack of decision, that these felonies arose out of or were in connection with his conduct as a police officer. Is that correct? The focus of the complaint isn't our disagreement with the board. The focus of our complaint is that the payments to Burge violate the pension code. Because his felonies were connected to his. Exactly right. Yes. The board may have had original jurisdiction to decide that issue. The legislature has given circuit courts concurrent original jurisdiction to decide that very same question. Is there a violation of the pension code by virtue of these payments to Burge following his felony convictions for lying under oath about what he did as a police officer? We don't think that's going to require an extensive trial. You have essentially all documentary evidence. And you have a relatively developed body of law as to the interpretation of section 5-227. You know, we think that. What would be new evidentiary before your, before the circuit court that would be different from the board? Because you're saying that the board did not act ultra-virus. You're just saying you disagree with the decision because they're still paying. What evidentiary ruling? I don't know what the evidence was before the board. We weren't a party to it. They haven't filed the administrative record. Post-judgment intervention is disfavored. So the possibility that we could have intervened I don't think changes the analysis with respect to the circuit court's original jurisdiction. And the one doesn't exclude the other. The fact that we may have been able to intervene, although they dispute that, and then petition for administrative review doesn't mean that the circuit courts lose original jurisdiction under section 1-115 if an action is properly brought before them within the scope of that original jurisdiction. The evidence may well be the same. I'll concede that the issue may be identical, and that's the same as the situation that the legislature contemplated under the relevant sections of the Environmental Protection Act, where they said private citizen can go before the Pollution Control Board to seek to stop an alleged violation of the Environmental Protection Act, but the attorney general, regardless of that, no matter what the outcome may have been or whether there was any such proceeding, may go straight to the circuit court and seek a violation of exactly the same thing. It doesn't matter whether the Board had a hearing or not for purposes of determining whether section 1-115 gives circuit courts original subject matter jurisdiction of the claim that we have filed. Are there any other parties or entities who could have brought administrative review? In other words, could the members of the Board who, from the city who voted in favor of this motion, could they have filed administrative review? Could the city, whose treasury is going to be affected by this, could the city have brought an action for administrative review? My understanding of the case law is that it suggests that no such party could have done so. And that is one of our arguments, is that the defendants suggest that it would be absurd to create this possibility of independent, separate, original jurisdiction where the result may be that the circuit court's judgment may have a different outcome than one that the Board may have reached on the same issue. But that absurdity, I think, really shows the wisdom of the legislation because you have public monies at stake. You have a non-adversarial process where nobody is advocating against the expenditure of public funds to the claimant. And because there is no party of record in that proceeding to seek administrative review opposing the decision, the Board is not going to bring review of its own decision. The claimant who won isn't going to seek review of it. But how about the city of Chicago? There certainly is at least one case, Kraft v. City of Belleville, from the Fifth Circuit, Fifth District, that suggests that a municipality whose fiscal, you know, health is at stake could have an interest to bring administrative review. We don't agree with the holding of that decision in that case. It runs counter to this Court's precedent that only parties of record have the right to seek administrative review. It essentially ignores that precedent and says that because there was some indirect interest in the city in the nature of some type of systemic violation as opposed to a one-off departure from what they believe was the correct result, that they had the ability to seek administrative review. And because they didn't, they were bound by the decision. And that decision is difficult to square with this Court's clear precedent, including most recently in the Roxanna School Board case, that says administrative review is limited to parties of record. If there's no other party of record in the case to seek administrative review, you have the risk of this type of thing. And this is not the only example. And there's specific case law that says that parties, including members of the Board, are prevented from bringing administrative review. There are cases that say that? I can't definitively tell you that the Board itself or members of the Board are foreclosed, but, you know, I haven't seen a situation in which a disgruntled or dissenting member of a Board has been given standing to seek administrative review as a party of record to an agency decision. Could the Attorney General bring an action on any incorrect action and charge it as a violation of the Pension Code? You know, I'm not sure as I stand here now. I mean, there are certain things that clearly would be fairly characterized as violations of the Pension Code. If the Board, by a four to three vote, authorizes benefits when the statute clearly says you need a majority of the members, which means a minimum of five, that would be an incorrect decision, but it would also be a violation of the Pension Code. It happens to be a procedural one. They concede that the Attorney General can seek to enjoin breaches of fiduciary duty. That would seem to include all sorts of violations of the Pension Code. I can imagine that maybe there are incorrect decisions that might not constitute violations of the Pension Code if it's strictly, you know, whether you're arguing about how discretion should have been exercised. But I think the problem they have is that they're saying this language can't mean what it says. Because if it does, the sky is going to fall. And there's going to be thousands of people who will bring suits to seek a different outcome from Board decisions for no reason at all. And the answer to that is that's a question for the legislature to decide, where they've created original jurisdiction. Your time has expired, but Justice Freeman has a question. Would you comment briefly on the special concurrence by Justice Garcia in his belief about the effect of the tie vote? We have not taken a position in this court on the merits of the tie vote issue. We think that that question, whether the tie vote constitutes a violation of the Pension Code, goes to the merits of our case as opposed to the subject matter jurisdiction. Do you want further comment by our office, Your Honor, on that issue other than Thank you. Thank you so much, Your Honors. Your Honors, I'd like to address just two of the issues that counsel raised. One is the argument that a violation of Section 227 occurred in this case immediately upon the conviction of Mr. Burge back in 2011. Well, Section 227 doesn't automatically apply. Section 227, the provision of Section 227 that we're concerned about, is not concerned with, says that a person forfeits his pension benefits if he's convicted of a crime that relates to, arises out of, or was in connection with the service of an officer. So a decision has to be made whether that conviction relates to, arises out of, or occurred in connection with the service of an officer. And in this case, the General Assembly specifically gave the exclusive jurisdiction to make that decision to the pension board. And then the General Assembly limited the ability to review that decision to the provisions of the administrative review law. So to suggest that a violation occurred because Mr. Burge was convicted without any decision by anyone and that his benefits should have been terminated immediately is inconsistent with Section 5227 and, of course, violates due process. The second, the only second point I want to make is the question that Justice Garmon asked. And that was whether any violation under the Attorney General's view of this case or any payment under the Attorney General's view of this case would constitute a violation of the Code. The Code is extensive, as you're probably aware. It's four volumes of the Smith-Hurd. And it describes in excruciating detail under what circumstances a pension can be paid to whom, when, when it can be reduced, when it can be changed. And there's all kinds of provisions that pension boards have to follow in making decisions whether to grant, reduce, increase, or suspend or terminate a decision. If the payment of a pension is a violation and the Attorney General, as he's saying in this case, she's saying in this case, you come into court and say, well, we disagree that the payment that you authorized complies with the Code, then you're, Justice Garmon, you're correct. Any single payment authorized by a pension board can be challenged by not only the Attorney General, but anybody that has an interest in the pension Code at any time. Because their whole theory in this case is that it's not the decision of the board, it's the consequence of the board's decision, that is the payment that constitutes a violation. So when the board makes a wrong decision and authorizes a payment, I can come into court, I'm a beneficiary under that plan, and I can say the board's wrong because they didn't apply the provisions of the Code properly, therefore they violated the Code and the payment should be enjoined. And we think that's an absurd interpretation of Section 1-115. Thank you. I'd like to just maybe respond slightly to a couple points. Number one, the Administrative Review Act provides for a 35-day period in which to file an objection. It's jurisdictional. You don't file it within the time your rights under to proceed under Administrative Review are barred. 1-1-5 has no statutory time period as I view it. Why does it have no statutory time period? I think it has no statutory time period because it was meant to address acts which are void, taken beyond the scope of the board's authority, and so that they can be questioned at any time in any courtroom. Now, if the Attorney General was correct in this proposition, you would have an Administrative Review case, and they could then come under 1-1-5 to challenge that case. Two years later, three years later, there's no time blame. There's no end to the administrative process if their position be correct. Could the AG have intervened in the board hearing? I would say yes. They could have come before the board and asked. Who determines whether they're allowed to intervene? Well, that would be up to the board to decide. I mean, there's no provision that says you have to allow it, you don't have to allow it. But if somebody wanted to speak on behalf of an issue, they could have come in and spoke on behalf of the issue. If the board would have rejected it... Would speaking on an issue give them standing to do the administrative review? Yes. I believe that would give them standing then to proceed. Now, but they chose not to do that. Standing with respect to review as well? Well, they would make whatever argument they want to make if they were allowed to and then they would probably, as being party in that case, they would have had the right to file a procedure to challenge a board decision. But when they want to remand this case back to the trial court, I'm not smart enough to understand what they would do there. I want to be clear on this. You talked about, or we talked about, two different things perhaps. One is intervening as a party or appearing as a witness or making a statement. They could intervene as a party. But that would be discretionary with the board. Yes, the board could either grant it or not. But the mere token of them doing so would give them standing in the circuit court to say that the board did not grant us this or did grant us this. There would be something there for the court to consider. If they did not, if we would find they didn't have the right to intervene, Chief Justice Garmon's earlier question about the annuitant prevailing wouldn't seek administrative review, the board making the mistake wouldn't seek administrative review, is that of any consequence in this case? Well, I don't know. The Attorney General might then be a party to make an objection. I mean, if they were not allowed to intervene. If they were not allowed. Well, I'd still say they would go to court and they would file a complaint and say the board was in error by not letting us intervene. There would be an issue to be raised. Are you saying that they could complain about the actual decision of the board or just the intervention? No. I don't know. They can complain. You know, they can complain about not being allowed to get in, and if the court found that that be correct, then the court would make an appropriate ruling on that. But I think you're arguing or your co-counsel argued that under 115, that the Attorney General has to say that the board acted ultra-virus. And that's the jurisdiction for a challenge under the statute. Yeah, I believe so. And if the board determined that the AG could not intervene, then the Attorney General would have to file a separate action, I presume, because they're not a party and could not seek administrative review. Well, I assume they would file an action and say the board had made an improper decision by not allowing us to appear in the case. That would be one of the allegations in their complaint. Yeah, I don't want to get caught up on that. My question is broader than that. My question is let's just say there was already law in this area that they were not allowed to intervene. I mean, the intervention is off the table. So the annuitant prevails, the board makes a mistake, there's no administrative review, as Chief Justice Garmon pointed out, because the annuitant's happy, the board made the mistake. If that's the situation, is that fact that no one would seek administrative review, does that have any bearing on the issue in this case? Yeah, because I don't think when you say mistake, this is where it confuses me. An erroneous decision is different than a void decision, obviously, is what we're saying. So I don't question, and I never questioned at the Attorney General, if there was a void decision or a decision which was not provided for under the board's authority, to come in and question that decision. As I pointed out before, if the board does something that it's not empowered to do, then the Attorney General or a taxpayer or someone else can question that because the board is acting beyond the scope of what the legislature gave it. But making a mistake, making a bad decision, is not the same as making a void decision. And if I might just, and I know my time is up to say one thing, you know, I just get taken back. We have represented the board for some time. But the Attorney General's assertion that this automatically resulted in a nexus being established, you have to take away the benefit or deny the benefit on the basis that it's arising out of, in connection with, or related to his service as a policeman. That requires fact-finding and it requires a mixed question of the facts as applied to the law. To just say, because he got convicted of this perjury charge, he automatically forfeits it. This case would have been a lot simpler had someone, during the time of all of these crimes that Mr. Burge has been alleged to convict, actually tried him for the crimes, got him convicted of those crimes, then came to the board, it would be a varied decision. The board has denied any number of felony cases, which this court is aware of, Devoney, Dvorak, Cullen, any number of cases in which it denied pension benefits to an officer who sought them because of a felony conviction, because a nexus was established. In this case, by the vote of the board, they could not establish the nexus, and therefore the benefit had to continue. Thank you, counsel. Thank you. Cases number 115-635, 115-645, Peoples v. Lisa Madigan v. John Burge, the Retirement Board of the Policeman's Annuity and Benefit Fund of Chicago as an Appellant, are taken under, consolidated and taken under advisement is agenda number nine. Mr. Marshall, the Illinois Supreme Court stands adjourned until tomorrow, January 23rd at 938.